Bula Lopez v. U.S. Attorney General. Good morning, may it please the court, my name is Linda Osberg Braun and I represent Sheriff Bula and his family. Mr. Bula is a lawful permanent resident and he has been in the United States since 1989, his residency in 93. He's had one very serious problem with the law, the subject of this lawsuit and why we are here today. I have to say first of all that the immigration judge used the wrong standard. He applied the wrong burden of proof to the government and as we know under matter of ribbons it was the government's burden and right off the bat he applied the wrong standard. But didn't the BIA recognize that incorrect part? They recognized that he applied the wrong standard and part of his decision but he applied the wrong standard and he clearly stated I find by a preponderance of the evidence and when this man's residency is at stake... I understand but what I'm saying is we're reviewing the BIA decision. Correct. And the BIA didn't apply the wrong standard. The BIA recognized that the immigration judge used the wrong one. Which necessarily means the BIA applied the correct standard otherwise there would have been no point in it recognizing he applied the wrong standard. We're reviewing the BIA decision not the IJ decision. I think in the BIA decision the BIA makes excuses for the judge using the wrong standard. I thought when the BIA had ruled on the case if it doesn't incorporate by reference part of the IJ's decision what we're reviewing is the BIA decision not the IJ decision. That's correct. All right so what did the BIA not the IJ but the BIA do wrong? I believe what the BIA did wrong was not hold the immigration judge to the proper standard but you're correct that the BIA did find that the burden was met by clear and convincing evidence. The immigration judge used the wrong standard but after the judge issued the decision, hand delivered it to the prosecutor in court, pointed out to the in the decision that he only sustained one of the grounds of removal, the government reserved appeal and then the government did not appeal. After conscious deliberate time and thought the government made a choice and the government chose not to reserve appeal. On that alone the record on the issues must be forfeited because once the government doesn't appeal just like me if I would not have reserved appeal I don't deserve to be heard. The issues are permanently forfeited and in this case your honors the government chose deliberately not to appeal and that cannot be corrected by any record. The issues have been forfeited. The only issue I submit in front of your honors is whether or not the conviction is a crime involving moral turpitude. In order to determine that don't we have to evaluate whether in fact flunitrazepam is a federally controlled drug? Well there are two things that whether or not the conviction is a crime involving moral turpitude does go down to what the statute of conviction was whether it was possession or whether whether it was with intent to deliver. If we're going to agree that it's intent to deliver that the thought and the analysis must go further because the statute 893.11 is divisible and the decisions after the BIA decision and the immigration judge decisions clearly state that this statute is divisible under Gordon, under the whole slew of 11th Circuit and Supreme Court cases show this statute is divisible. So it needs at the least to be remanded to the immigration judge to evaluate that statute because delivery is different than distribution. Delivery of a controlled substance if it is a controlled substance is not a crime involving moral turpitude. So that part of the analysis. What is the basis for your view on that? Matter of Corn is the 1997 decision. Right. That was ruled upon before Moncrief, Decomps and most importantly Gordon from the 11th Circuit and to some extent Cintron another 11th Circuit case. In the string of manufacture, intent to sell, intent to distribute, sale and delivery is not an aggravated felony. In my opinion it's also not a crime involving moral turpitude. Why would delivery to another person of the drug not be a crime involving moral turpitude? Because distribute and deliver are two different definitional terms. I'm asking you why one is a moral turpitude offense and the other isn't. You're delivering an illegal drug to another human being or you're distributing it to another human being. Distributing in my opinion is not necessarily a crime involving moral turpitude. You keep repeating your conclusion. I'm asking you for the reason, the syllogism behind it. Why is there a moral turpitude difference between delivering and the other? Because there's not a sale component to it. There's not an amount component to it and there could be distribution among friends, there could be delivery among friends and delivery also does not constitute... So you're saying distribution of a controlled substance requires a profit motive, a sale? Yes. And where do you get that? Well I believe in the cases Gordon and Cintron, sale, consideration, remuneration has to be a factor. And when Korn in 1997 lumps everything together as distribution, I believe Korn was putting together sale, manufacture, and deliver. And there's three distinct... So a petitioner can deliver to school children on elementary school ground crack cocaine and so long as he doesn't charge them for it, that's not a crime of moral turpitude? I wouldn't go that far, absolutely not. Why not? If the deciding factor, the critical element, is the remuneration. That's the difference between transfer and delivery according to you, or delivery and transfer. Well I think we're going beyond and the facts are not included. It's a statute of conviction. Counsel, that's why I'm making it a hypothetical. I think delivery is not necessarily a crime involving moral turpitude because, number one, a sale has not included in this, in the elements whatsoever, and the amounts of the product and the particular use, individual self-use, that is not a crime involving moral turpitude, and use among friends as well is not a crime. Self-use is is not delivery. Correct, and in the immigration stratosphere, use among friends is also not a crime involving moral turpitude, and that is the least culpable conduct or the least provable given the elements of the offense. Well you, I'm sorry counsel, use among friends is not covered by the statute. If you have if you have friends who use a controlled substance, an illegal controlled substance drug, that's not a crime involving moral turpitude that you happen to have friends who do that. Correct, and it's the least culpable conduct envisioned by the elements. Counsel, it's not a crime to have friends who use controlled substances. That's not the least culpable crime because it's not a crime at all. The crime is your actions delivering it to them. Correct, and I'm venturing to say given the immigration case law, delivery among friends for personal use is not a crime involving moral turpitude. What are the what are the cases that you rely on for that? I would have to supply them to the the use among friends is not a aggravated felony because of the statute being divisible, and that's in the line of aggravated felony. I'm applying it to crime involving moral turpitude as well. I think I understand your argument. I'm just trying to figure out what the authority is that you're relying on for it. Okay, in the immigration judge did not evaluate the statute and it was not divisible at the time of Korn. Right, I understand about divisibility. What I'm asking, and I'm sorry I must not be asking it clearly, so let me try again. What I'm wondering is, I think what you're arguing is that delivery of a controlled substance is divisible from distribution and the other things, and the delivery of a controlled substance does not rise to the level of being a And that might be true, but I'm wondering what cases you're relying on to say that delivery of a controlled substance is different in form, in substance really, from distribution. Because the case law is on whether or not it's an aggravated felony and distribution among friends, use among friends, along that line. I'm taking the crime involving moral turpitude standard that step further. Are you saying that there's case law that says delivery of a controlled substance is not an aggravated felony? Yes. Okay, what are those cases? And that's Gordon, which is 861 F 3rd 1314, which was decided in 2017, well after the BIA's decision. And also, Cintron, which is 882 F 3rd 1380, another Eleventh Circuit case, all combined into Moncrief, Donawa, and of course Decomps, which I know the court knows expertly. I want to go back to your cross appeal argument to make sure I understand the record. You made that cross appeal argument to the BIA, correct? I appealed directly. The government did not cross appeal. I know, but you made the argument to the BIA that by failing to make a cross appeal, they couldn't raise this first ground for affirming here. I did. All right, and the BIA said no separate appeal is required, whereas here the non-appealing party seeks to defend the IJ's decision based on different reasons. So the BIA rejected that as a matter of their appellate rules before the BIA. I'm just trying, I just want to make sure I understand that the BIA expressly rejected that argument. That was the last sentence in their decision. Right, right, and so why shouldn't they be able to decide what comes up to them and what alternative grounds they're allowed to reach without a cross appeal? Because the sole issue is, and the sole issue raised, is whether Sharif Bula is an arriving alien and whether the conviction. I know there's always legal issues. Right, and whether the conviction is a crime involving moral turpitude, and in the analysis of whether it's a crime involving moral turpitude, we don't have to get to whether it's a criminal substance. Okay, I understand that, but this goes to whether or not there has to be a cross appeal, and the BIA said no, the government can raise these arguments, alternative reasons, without a cross appeal. I'm just making sure I got that right. That's correct. Okay. Yeah, I'm out of time. I have one more question for you also. Do you have authority for the idea that just because something is not an aggravated felony, it cannot be a crime of moral turpitude? It can. There are many instances where it can, when it's, where some crimes involving moral turpitude are not aggravated felonies, and vice versa. It absolutely can. In this case, it isn't. And I guess my question then is why? Because delivery is not the same as distribution, sale, manufacture. It's different. And at least, what's troubling you needed to be reviewed and consciously determined in the case below. And that's why at the least, I'm respectfully asking you to remand it to the immigration judge, to apply the right standard, and to make that proper analysis. Thank you, counsel. Chief, did you have anything else? No, I did not. Thank you, counsel. May it please the court, Timothy Hayes on behalf of the Attorney General. The agency properly identified the petitioner as an applicant for admission to the United States, based on his 1997 drug trafficking conviction for trafficking funetranspam. Because that conviction constitutes what is called an aggravated felony, he is not eligible for cancellation of removal, or what's called an 1182H waiver, the only two means by which he can avoid being labeled an applicant for admission. Thus, the court should accordingly deny his petition for 1182A13C, a lawful permanent resident is considered an applicant for admission if he arrives from traveling abroad at the border, if he has committed an offense identified in 1182A2. One of those offenses in 1182A2 is the crime involving moral turpitude provision. Another offense identified in 1182 is having a conviction for violating a law relating to a federal controlled substance. Both of these offenses are met in this case. There has been a lot of discussion as to whether funetranspam is on the federal schedules, and unless the court is interested, it is incorporated into the schedule by regulation. So it's pretty clear that that is a substance. That resolves this case completely. You don't even have to reach the crime involving moral turpitude ground, because he would otherwise be inadmissible as for Why didn't the Attorney General decide to appeal the second basis, that is the controlled substance basis? It's actually separated, so that would be a Department of Homeland Security decision, and I'm not privy to it. I'm not sure why. If I were to speculate, and it's pure speculation, I don't see that they had a need to. They got the result they wanted already before the immigration judge. An immigration judge cannot set law. So even if the immigration judge erroneously said funetranspam is not in the federal schedules, it really is no issue here. It only became an issue when the other side appealed it and raised it again, and the board said it's okay to argue in an appeal reasoning supporting the IJ's ultimate result, even if that reasoning is at crossroads to what the IJ ruled. And that happens a lot even in the district court context, where something can come up to the appellate court, and depending on the standard review, the appellate court has a legal issue on any basis on the record that would support the district court judge's decision. As long as it doesn't change the outcome of this. Right, and this would not change the outcome, because ultimately DHS is seeking an order of removal and a finding that he's not eligible for relief, and it's the same on both levels. But isn't the real issue here they should be able to run that court? I mean, there's not a due process problem. I mean, they said we're gonna look at this alternative ground. Is there any case law says they can't look at alternative grounds? I couldn't find any. I'm not aware of any. In fact, my understanding is the cross-appeal, most of the board regulations are by, rules are by regulation, and I'm not aware of a regulation. There's no requirement about a cross-appeal. So that is set up strictly by board, I don't want to use procedures, I guess would be the right word, and if the recognizing the issue and they say this is okay, then that should be to the board's discretion. The information did cite the wrong statute, it cited the possession statute, but the wordage in the information was clearly a possession with intent to deliver, and that's also support. Conviction were also for intent to deliver, right? Yes, Your Honor. So the guilty plea was also, and the transcript reflects that. Exactly, and at page 469 even petitioner sort of conceded because he says in his cancellation of a removal application that he has a conviction for possession to deliver narcotics. So there's really no reasonable basis to argue that this would be a possession conviction, and when he sought to vacate his conviction before the state court on the basis of not being warned of the immigration consequences, which is in the record, the state judge relied on the district attorney's brief for reasoning to say why they denied the motion, and that brief was all discussing possession with intent to deliver. So I don't think there's any reasonable basis to argue that this wasn't a possession with intent to deliver case. Finally, he's not eligible for cancellation or an LPR who's an applicant for admission at the border and has committed a crime of arm or turpitude or a crime relating to a controlled substance. There's two ways sort of around that where he might be able to still stay, and one is getting what's called cancellation or removal, and the other is getting an 1182-H waiver. Now both of those require that the alien not be convicted of an aggravated felony, and Mr. Boula was convicted of an aggravated felony under the drug Actually, I am interested. She gave us two citations. One, Gordon doesn't support her proposition, but in Centron, the 882F third site, Judge Joe Flatt wrote for the panel, both parties agree that a violation of Florida statute site was not categorically an aggravated felony because the least of the acts it listed narcotic is not a felony under the CSA, but then at the end of that paragraph, we hold that these six alternative methods of commission were means, not elements, were indivisible. The specific question we must answer here is whether the statutory language sells, purchases, manufactures, delivers, or brings into the state, or who is in knowing or actual constructed possession of, wait a minute, that's Centron. That doesn't support it, but listen to Gordon. I had the two cases backwards. Gordon, up at Circuit 2017, just last year, delivery unlike sale does not include an element of consideration, thus a conviction for delivery of controlled substance under 893.13 does not qualify either as a crime of moral turpitude. What's your response to that? Two responses, Your Honor. One is, again, it's not necessary to even reach that because the CIMT is not dispositive. What would be dispositive is he has a conviction for a crime relating to a controlled substance, so it wouldn't even be necessary to reach that. My second response would be that Matter of Corn was focused on the evil intent in drug distribution generally, and it was citing the Controlled Substances Act, so Matter of Corn is pretty clear that the intent, the mens rea, is sufficient enough to qualify as a crime of all the there, we discussed that. Unless the Court has any further questions. Chief? No, I don't have any more. Thank you very much, Your Honors. Thank you, Counsel. Thank you. Relating to Gordon, Gordon is exactly on point, and I use Centron because of the But Gordon specifically states that this conviction is not an aggravated felony, and that's why I do ask the Court to strike the part of the BIA's decision that finds that he was convicted of an aggravated felony, because it matters. It matters in his future, no matter what happens with his removal and whether or not he will ever even be able to visit the United States again. It matters that the BIA gratuitously ruled that it was an aggravated felony when the only issue was whether he was an arriving alien as to where jurisdiction would would vest. Whoa, whoa, whoa. It is gratuitous because it was another basis the BIA could reach the same decision. No, because aggravated felony is not a ground of inadmissibility. My client was never charged with being an aggravated felon. That's why it's gratuitous. Well, I thought you meant gratuitous in the sense that it wasn't necessary to the BIA's decision. Correct. It overreached. It went beyond any issues that weren't even appealed, and it basically made a ruling that had nothing to do with any of the appeals. The only issue is whether an arriving alien can apply for a 212. The issue of whether or not the conviction was an aggravated felony was never an issue, and that's why I'm hoping and I'm praying that this court strikes that part of the record, finding his conviction was an aggravated felony, because it wasn't point-blank under Gordon. But it was a controlled substance offense. You will concede that, I assume. I won't concede that. You won't concede that a conviction for delivery of controlled substance is a controlled substance offense. I will not concede that, because the Florida statute is different than the federal statute, and the federal statute specifically defines what a controlled substance is. I agree it's a drug, and it's a drug listed in the Florida statutes, but a conviction for a ground of removal in immigration, not for any kind of criminal premise, but for the ground of removal of being convicted of a crime relating to a controlled substance, as defined by 21 U.S.C. 803. That's definitional, and I believe we should apply strict construction as to what Congress wrote, and nowhere in the immigration laws does it mention the CFR, the Code of Federal Regulation. But in Title VIII, the immigration laws, many times Congress refers to the Code of Federal Regulation in the Department of Agriculture. Yes, but the part that it does refer to incorporates the regulations, right? The CSA itself incorporates the regulations. I think the CSA 803 refers to Part B, which is still in the U.S. Code. The U.S. Code then requires the updates regularly. That language, I concede, it's clear in the statute, but whether that CFR, updated provisions performed by a different agency, the DEA, is meant to be written into law as though it is the statute, I believe we should apply strict construction of what 21 U.S.C. 803 states versus whether we're going to allow the DEA regulations to be part of that. I say no, because it's a different agency, different rulemaking, and a different analysis, and that Congress, in the immigration context, only intended those scheduled, those drugs listed on the initial list in Title XXI to be included to support that ground of removal. Anything further, Chief? No, thank you. Thank you very much, Council. Thank you.